UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSUMER FINANCIAL PROTECTION
BUREAU,

    Petitioner,

v.

HARBOUR PORTFOLIO ADVISORS,
LLC; NATIONAL ASSET ADVISORS, LLC;
and NATIONAL ASSET MORTGAGE,
LLC;

    Respondents.
_____/

Case No.16-14183

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING RESPONDENTS' MOTION TO STAY [21]**

On February 16, 2017, the Court entered an Order requiring Respondents to comply with Civil Investigative Demands ("CIDs") issued by Petitioner Consumer Financial Protection Bureau (the "Bureau"). (Dkt. 19.) Now Respondents move to stay that Order pending appeal. (Dkt. 21.) For the reasons below, their motion is DENIED.

**I.    Background**

The Court reviewed the relevant facts in its February 16 Order, and it incorporates that background here. (Dkt. 19, at 1-4.) To summarize, Respondents are targets of a Bureau investigation into potential violations of the federal consumer financial laws. On September 8, 2016, the Bureau issued CIDs to each Respondent. The CIDs required the production of documents, interrogatories, and written reports by October 7, 2016.

Arguing, *inter alia*, that the Bureau lacked the authority to issue their respective CIDs, Respondents petitioned the Bureau to set aside them aside. On November 1, 2016, the

Bureau Director denied Respondents' petitions. Respondents then continued to oppose enforcement, so the Bureau petitioned this Court to enforce the CIDs on November 29, 2016. After ordering briefing and holding a hearing on the matter, the Court issued its February 16, 2017 Order requiring Respondents to comply with the CIDs within 30 days.

Now Respondents move to stay enforcement of that Order pending appeal. Respondents have asked the Court to consider their motion an expedited basis, and it has obliged, ordering expedited briefing and declining to hold a hearing. Respondents also request that, if the Court denies their motion, the time spent obtaining a decision on their motion not be counted against the 30-day deadline for complying with the CIDs.

## II. Applicable Standard

The party seeking a stay bears the burden of showing that a stay is warranted. *Ohio St. Conference of NAACP v. Husted*, 769 F.3d 385, 387 (6th Cir. 2014). In deciding whether to grant a stay, the Court must consider the following: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted). "These four factors are not prerequisites that must be met, but interrelated considerations that must be balanced." *Concerned Pastors for Soc. Action v. Khouri*, 844 F.3d 546, 548-549 (6th Cir. 2016) (internal quotation marks and citation omitted). However, the "first two factors of the [] standard are the most critical." *Nken*, 556 U.S. at 434. And where the Government is the party opposing the stay, the final two factors merge. *Id.* at 435.

## III. Analysis

2

Respondents contend that they have carried their burden of establishing that a stay is warranted. For the reasons that follow, the Court disagrees.

**A. Likelihood of Success on the Merits**

"To demonstrate a likelihood of success on the merits, the movant must show, 'at a minimum, serious questions going to the merits.'" *Dodds v. United States Dep't of Educ.*, 845 F.3d 217, 221 (6th Cir. 2016) (quoting *Mich. Coal. of Radioactive Mat. Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)). "It is not enough that the chance of success on the merits be better than negligible." *Nken*, 556 U.S. at 434 (citation omitted). "[M]ore than a mere 'possibility' of relief is required." *Id.* (citation omitted).

Here, Respondents argue that they "easily meet that standard" because judges and lawyers could reasonably contest the Court's conclusion that the Bureau has the authority to issue the CIDs. (Dkt. 21, at 8.) In support, Respondents emphasize a variety of sources related to their argument that the financial products they offer do not constitute "credit" under the federal consumer financial laws. (*Id.*) The problem with Respondents' argument, which the Court addressed in its February 16 Order, is that whether Respondents' transactions constitute "credit" is not dispositive of whether the Bureau has authority to issue the CIDs. *See EEOC v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001) (noting that the Supreme Court has "consistently reaffirmed" that "courts should not refuse to enforce an administrative subpoena when confronted by a fact-based claim regarding coverage or compliance with the law"); *FTC v. Texaco, Inc.*, 555 F.2d 862, 872 (D.C. Cir. 1977). The issue is whether the Bureau's investigative jurisdiction is "plainly lacking," i.e., whether there are plausible grounds to believe that Respondents may have information related to a violation of the federal consumer financial laws. *See* 12 U.S.C. §

3

5562(c)(1); *Karuk Tribe Hous. Auth.*, 260 F.3d at 1077; *FTC v. Ken Roberts Co.*, 276 F.3d 583, 587 (D.C. Cir. 2001). And Respondents have not raised a meaningful challenge to the Court's application of that standard,[1] nor have they argued that the Court applied the incorrect standard. Accordingly, the Court finds that Respondents have not raised serious questions going to the merits, let alone that they are likely to succeed on appeal.

### B. Irreparable Harm to Respondents

Respondents next argue that they will be irreparably harmed without a stay because the act of production will moot their appeal of the ruling that the Bureau has authority to issue the CIDs.[2] The Court disagrees. An appeal becomes moot "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party[.]" *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992). As a result, "a case is not moot if a court 'can fashion *some* form of meaningful relief.'" *United States v. Transocean Deepwater Drilling, Inc.*, 537 F. App'x 358, 362 (5th Cir. 2013) (quoting *Church of Scientology*, 506 U.S. at 12).

In *Church of Scientology*, the Supreme Court rejected the precise argument that Respondents raise here: that there is no way to fashion meaningful relief after a party

---

[1] The only arguable exception lies in Respondents' criticism of the Court's emphasis on the "optional acceleration clause" that accompanies some of their financial products. (Dkt. 21, at 8 (emphasis in original).) But the Court is at a genuine loss as to how it could be erroneous to conclude that Respondents might have exercised an optional clause.

[2] It is unclear whether Respondents are also arguing that they will be irreparably harmed based on their inability to sue Bureau for monetary damages. (Dkt. 21, at 6 n.2.) If so, the Court rejects that argument as meritless. *See Griepentrog*, 945 F.2d at 154 (stating that monetary injuries, "however substantial," incurred in the absence of a stay are "not enough" to establish irreparable injury) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)); *Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002) ("[P]otential monetary damage does not constitute irreparable harm.").

produces materials according to an administrative subpoena (there, an IRS summons) later found to be improper. The Supreme Court reasoned that materials produced under those circumstances can be returned or destroyed, thus providing meaningful relief and preserving a live controversy for the courts. *Id.* at 12-14. Consistent with that holding, this Court finds that Respondents' act of production will not moot their appeal. *Id.*; *see also FDIC v. Garner*, 126 F.3d 1138, 1142 (9th Cir. 1997) (finding that appeals court may still hear appeal despite district court's refusal to grant a stay pending appeal of order requiring compliance with administrative subpoenas); *SEC v. Finazzo*, 2008 WL 1721517, at *4 (S.D.N.Y. Apr. 11, 2008) ("[T]he compelled production of non-privileged documents in response to an administrative subpoena does not constitute irreparable injury[.]").

As to the cases that Respondents cite to suggest otherwise, none compels a different conclusion. In *John Doe Co. v. CFPB*, the alleged harm also involved the publication of an anonymous person's identity, which could not be clawed back. 2017 WL 663528, at *7 (D.D.C. Feb. 17, 2017). No serious privacy concerns exist here. Furthermore, in *Providence Journal Co. v. FBI*, the court offered only conclusory analysis regarding irreparable injury, and its holding predated *Church of Scientology*'s clear indication that disclosure pursuant to an administrative subpoena does not constitute irreparable injury for purposes of a stay pending appeal. 595 F.2d 889 (1st Cir. 1979). Finally, in both *CFPB v. Great Plains Lending, LLC* and *People for the Am. Way Found. v. U.S. Dep't of Educ.*, the motions to stay were uncontested, limiting their relevance and persuasiveness here. No. 2:14-cv-02090 (C.D. Cal. May 27, 2014); 518 F. Supp. 2d 174, 177 (D.D.C. 2007). In light of the foregoing, the Court concludes that Respondents have not established that they will suffer irreparable harm in the absence of a stay.

**C. Injury to the Bureau and the Public Interest**

As noted above, the final two considerations merge when the government is the party opposing the stay, and the Court finds that a stay here would harm the Bureau and the public interest. The Sixth Circuit has explicitly recognized the importance of "expeditious enforcement" when a CID relates to industry regulation, and the CIDs here relate to the regulation of the consumer financial industry. *United States v. Markwood*, 48 F.3d 969, 979 (6th Cir. 1995); *see also Texaco*, 555 F.2d at 872 (identifying an "important governmental interest in the expeditious investigation of possible unlawful activity"). Furthermore, several federal courts have concluded that the public suffers an injury when an ongoing investigation is delayed by a stay. *See, e.g.*, *John Doe*, 2017 WL 663528, at *7 (recognizing that "the public has a strong interest in the vigorous enforcement of consumer protection laws"); *SEC v. Farmer*, 2013 WL 12137757, at *3 (N.D. Tex. Dec. 19, 2013) (recognizing the public interest in the progression of an investigation by the SEC); *United States v. Judicial Watch, Inc.*, 241 F. Supp. 2d 15, 18 (D.D.C. 2003) (noting that a stay of enforcement pending appeal may halt the progress of an administrative investigation, thereby harming the government agency).

Respondents have already delayed complying with the Bureau's duly issued CIDs for almost half a year, and a stay of this Court's Order pending appeal could extend that delay considerably, depending on the actions taken by the Court of Appeals. Because further delay in complying with the CIDs would impede the Bureau's investigation and interfere with its mission of protecting consumers through the enforcement of the federal consumer financial laws, the Court concludes that this factor weighs against granting a stay.

**IV. Conclusion**

Given Respondents' failure to demonstrate that they are likely to succeed on the merits, the lack of irreparable harm to Respondents in the absence of a stay, and the potential injury to the Bureau and thus the public, the Court finds that Respondents have failed to carry their burden of demonstrating that they are entitled to a stay. Accordingly, their motion to stay this Court's February 16 Order is DENIED.

As to Respondents' request for additional time to comply with the CIDs based on the time spent obtaining this decision, the Court ORDERS that Respondents have seven (7) additional days beyond the original 30-day deadline to comply with the CIDs.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 14, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager